UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROSELL R. WOODSON, | ) CASE NO. 5:25 CV 1901 |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| SGT. RIDDELL, *et al.*, | ) MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) |

**Background**

*Pro se* Plaintiff Rosell R. Woodson has filed this *in forma pauperis* civil rights action against Massillon Police Officers Ridell and Dotson. His complaint (Doc. No. 1) and amendment (Doc. No. 3)[1] are rambling and unclear, but they pertain to criminal charges brought against him in state court after a traffic stop and encounter he had with Defendants on the Stark County Lincoln Highway on August 7, 2025.

He contends he was unlawfully stopped, searched, and charged with crimes in connection with the incident, and that he was treated unlawfully while in custody. He states he wants his record cleared and the case is currently pending against Plaintiff in the Stark County Court of Common Pleas in charges against him dismissed, and monetary damages. (Doc. No. 1 at 5, ¶ V.)

Public records indicate that a criminal connection with the incident and the allegations that form the basis of his complaint, and that a competency hearing is currently scheduled in the case. *See State v. Rosell Romont Woodson*, 2025 CR 1670 (Stark County Court of Common Pleas).

Plaintiff did not paid the filing fee, but instead, filed a motion to proceed *in forma pauperis*.

---

[1] Plaintiff is entitled under Fed. R. Civ. P. 15(a) to amend his pleading as a matter of course. Therefore, his "motion to amend" is denied as moot and his amendment is considered as part of his pleading.

(Doc. No. 2.) That motion is granted. For the following reasons, this action is dismissed.

## Standard of Review and Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* pleadings "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon review, the Court finds that this action warrants dismissal in accordance with pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45 (1971) and *Pennzoil Co. v. Texaco*, Inc., 481 U.S. 117 (1987), federal courts must decline to interfere with pending state criminal proceedings involving important state interests absent extraordinary circumstances not present here. *Younger*, 401 U.S. at 41; *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Federal-court abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff an adequate opportunity to raise his asserted federal concerns. *Leveye v.Metro. Pub. Def. Office*, 73 F. App'x

792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45).

Here, whatever Plaintiff's specific claims in the case are, his complaint seeks federal-court intervention in matters at issue in, and the legitimacy of, a pending state criminal proceeding; such proceeding implicates important state interests (*see Leveye*, 73 F. App'x at 794); and there is no plausible suggestion in hiss complaint that he lacks an adequate opportunity to raise federal concerns and objections he has in the context of the pending state case. *See Pennzoil*, 481 U.S. at 14-15; *see Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where the plaintiff has failed to allege in the pleadings that the state court proceedings did not or could not provide an adequate opportunity to raise federal concerns).

This Court will not interfere with the state criminal matter pending against Plaintiff in Stark Court and finds it must abstain from asserting jurisdiction in this case in accordance with *Younger*.

## Conclusion

Accordingly, Plaintiff's complaint is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                     */s/ John R. Adams*
                     JOHN R. ADAMS
                     UNITED STATES DISTRICT JUDGE

DATED: 1/5/2026